**420**

Joseph J. CORSO, Jr., Plaintiff,

v.

FIRST FRONTIER HOLDINGS, INC., Frontier Capital Corporation, Stephen J. Thompson, Glen B. Bilbo, and Timothy Rafferty, Defendant.

No. 01 Civ. 0789(NRB).

United States District Court, S.D. New York.

Dec. 20, 2001.

**MEMORANDUM AND ORDER**

BUCHWALD, District Judge.

Plaintiff moved for a default judgment against defendants Glen B. Bilbo and First Frontier Holdings, Inc. ("FFH") on November 5, 2001. The following day, this Court entered default judgments against Bilbo and FFH, but these judgments were later vacated because they were "signed prematurely, i.e., prior to the return date of the motion for the entry of default judgment." Order dated November 19, 2001. The Court subsequently received a brief from Bilbo and FFH opposing plaintiff's motion, as well as a reply brief from plaintiff in support of his motion. Bilbo and FFH cross-moved to vacate the Clerk's entry of default.[1] For the reasons that follow, we deny plaintiff's motion for default judgments against Bilbo and FFH, and grant Bilbo and FFH's motion to vacate the entry of default. Furthermore, we order Bilbo and FFH to reimburse plaintiff for the reasonable attorney's fees expended in making this motion.

**DISCUSSION**

The Second Circuit has made clear that there is a strong preference in favor of resolving disputes on the merits rather than through default judgment. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). Furthermore, the decision whether to grant a default judgment rests within the "sound discretion of a district court." *Id.* at 95. Finally, we observe that "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

In connection with the present motions, both Bilbo and William Gaherty, President of FFH, submitted sworn affidavits. Bilbo claims [2] that soon after he was served with the summons and complaint on February 14, 2001, he contacted Marc Gottlieb, an attorney representing the other three named defendants, who told him that " 'he would

---

1. Plaintiff opposed this cross-motion.

2. As there has been no evidence introduced that calls the accuracy of Bilbo's affidavit into question, we accept his statements as true.

take care of it,' which [Bilbo] understood to mean that he would be representing [FFH and Bilbo] along with the other defendants." Bilbo Aff. ¶¶ 4–5. In April 2001, Gottlieb told Bilbo that the dispute had been settled and the action was to be discontinued. *Id.* ¶ 6. Bilbo related this information to Gaherty. Gaherty Aff. ¶ 5. Neither party had any reason to believe that the case was still active until they received notice of plaintiff's motion for default judgment. *Id.* ¶ 6; Bilbo Aff. ¶ 7. Therefore, we do not find that Bilbo's and FFH's default was willful. *See FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir.1989) (where defendant was told by a co-defendant that his inclusion in the case was a mistake and that the co-defendant would see to a dismissal, the default was not willful).

Moreover, Bilbo and FFH claim to have meritorious defenses to plaintiff's complaint, and, while we take no position on the merits of the case, we are prepared to say that clearly contested issues of fact and law are presented in this action.

In addition, we are unpersuaded that plaintiff will be "severely prejudiced" if we deny his motion for default judgment. Pl.'s Reply Mem. at 4. While it is true that Bilbo's and FFH's failure to respond to this lawsuit sooner will lead to a delay, "delay standing alone does not establish prejudice." *Enron*, 10 F.3d at 98.

For the same reasons that we decline to issue a default judgment against Bilbo and FFH, we order the Clerk to vacate the entries of default against them. *See* Fed. R.Civ.P. 55(c) (an entry of default may be set aside for "good cause"); *Enron*, 10 F.3d at 96 (whether "good cause" exists is determined by considering "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented").

■ Finally, Plaintiff moves for the reimbursement of the attorney's fees expended in making this motion for default. While Bilbo and FFH's did not wilfully default, their defaults were, nevertheless, due to their inattentiveness to the present action. We therefore order Bilbo and FFH to reimburse plaintiff for the reasonable amount of attorney's fees he expended on the present motion. *Pro Tect Mgmt. Corp. v. Worley*, 1991 WL 190582, *4 (S.D.N.Y. Sept. 18, 1991). If the parties are not able to promptly stipulate to an amount of attorney's fees, plaintiff should submit a claim for attorney's fees by affidavit with supporting documentation.

## CONCLUSION

For the reasons elaborated above, plaintiff's motion for default judgment is denied and Bilbo and FFH's motion to vacate the entry of default is granted. Further, Bilbo and FFH are ordered to pay plaintiff the reasonable costs of filing the present motion, as discussed above. Finally, Bilbo and FFH are directed to serve an Answer or other responsive pleading on plaintiff no later than January 21, 2002.

**IT IS SO ORDERED.**